## Commonwealth v. Goldberg.

*Criminal law—Bail-bond—Forfeiture—Remitting forfeiture—Cash bail—Jurisdiction of Quarter Sessions—Act of Dec. 9, 1783.*

1. As the sole purpose of requiring bail in a criminal case is to secure defendant's appearance, the court has jurisdiction, according to equity and its legal discretion, to remit a forfeiture of bail on hearing the circumstances of the case.

2. Where it appears that the breach of the condition of the bond was not intentional, that defendant appeared the following day, pleaded guilty and was sentenced, and that he was serving his sentence, a remission of forfeiture is proper.

3. The court may remit the forfeiture of cash bail already paid, and direct the county treasurer to pay it back to the bondsman.

Act of Dec. 9, 1783, 2 Sm. Laws, 84, considered.

Petition to lift forfeiture. Q. S. Washington Co., May T., 1923, No. 122.

*Thomas Anderson,* Assistant District Attorney, for Commonwealth.

*Meyer Goldfarb* (with him *Robert E. Burnside*), for defendant.

CUMMINS, J., Jan. 3, 1924.—Defendant, on March 24, 1923, was arrested on a charge of unlawful possession and transportation of intoxicating liquor, and on April 2, 1923, was released on cash bail furnished by his sister, Mary Lipscher. A true bill having been returned by the grand jury, defendant's case was called for trial on May 7, 1923, and defendant not appearing, said cash bail was forfeited and later ordered paid into the county treasury. On the following day, to wit, on May 8, 1923, defendant appeared in court ready to answer the charges with which he stood indicted, and requested that he be allowed to enter a plea of guilty thereto. Later defendant was regularly sentenced and is now confined in the Huntingdon Reformatory. Mary Lipscher now petitions the court to remit said forfeiture.

The sole purpose of requiring bail in any criminal case is to secure defendant's appearance in court to answer the charge for which he stands indicted, and not that the Commonwealth may profit by its forfeiture. It is provided by the 2nd section of the Act of Dec. 9, 1783, 2 Sm. Laws, 84, that Courts of Quarter Sessions are "empowered to order the said recognizance . . . [in case of a forfeiture] . . . to be . . . modified or remitted on hearing the circumstances of the case, according to equity and their legal discretion." The breach of the condition of the bail-bond in this case was clearly not an intentional one, as the defendant appeared and offered to enter a plea of guilty on the day following the forfeiture. Defendant is now serving the sentence of imprisonment then imposed, so that, under all the circumstances, a remission of the forfeiture would be equitable, and in the ordinary case it would, therefore, become the duty of the court, in the exercise of its "legal discretion," to remit such forfeiture. It is properly contended, however, that, the forfeited cash bail having already been paid into the county treasury under an order of court, this court would no longer in this case have jurisdiction over the subject-matter. No Pennsylvania authority on the subject has been called to our attention. The exact question was, however, apparently before the Supreme Court of Minnesota in the case of Edwards *v.* Hennepin County, 133 N. W. Repr. 469, in which case it was held that the court still had jurisdiction over the subject-matter, the forfeited cash bail, notwithstanding the fact that it had already been paid into the county treasury. The case of State *v.* Wisnewski, 114 N. W. Repr. 1113, a Wisconsin case, relied on by the Commonwealth, is not an authority in this case, as the statute in Wisconsin expressly provides for the distribution of forfeited cash bail. In the case at bar, the

Commonwealth *v.* Goldberg.

court has jurisdiction not only over the subject-matter—the forfeited cash bail—but also by the proper service of process has jurisdiction over the County of Washington, a proper party in this proceeding. From the foregoing, we conclude that the petitioner is entitled to the order prayed for.

### Decree.

And now, to wit, Jan. 3, 1924, for the reasons set forth in the foregoing adjudication, it is ordered and decreed that the court's order heretofore made forfeiting the bail in the above case be vacated, and the County Treasurer of the County of Washington, Pennsylvania, is ordered and directed to pay to the petitioner, Mary Lipscher, or her attorneys, the sum heretofore declared to be forfeited, to wit, the sum of $3500.

From E. E. Crumrine, Washington, Pa.